O

United States District Court
Central District of California

SINA REZVANPOUR, on behalf of himself and all others similarly situated,

Plaintiff,

v.

SGS AUTOMOTIVE SERVICES, INC.,

Defendant.

Case No. 8:14-cv-00113-ODW(JPRx)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [8]**

## I. INTRODUCTION

This class action arises from Defendant SGS North America, Inc.'s[1] alleged violation of California Penal Code section 632.7, which prohibits nonconsensual recording of communications involving at least one cellular telephone. Before the Court is SGS's Motion to Dismiss the Complaint. (ECF No. 8.) In the Motion, SGS contends that section 632.7 is unconstitutional because it runs afoul of the First Amendment, is void for vagueness, and implicates principles of the dormant Commerce Clause. For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss.[2] (ECF No. 8.)

/ / /

[1] SGS North America, Inc. was erroneously sued as SGS Automotive, Inc. (*See* Mot. 3.)

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff Sina Rezvanpour filed the Complaint on January 27, 2014, on behalf of himself and a statewide class. (ECF No. 1.) Plaintiff's sole claim against SGS is for violating California Penal Code section 632.7, which reads in pertinent part:

> (a) Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished . . . .

Civil actions for violations of section 632.7 are authorized by California Penal Code section 637.2.

Plaintiff alleges that SGS violates section 632.7 by "impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones." (Compl. ¶ 2.) According to the Complaint, SGS is in the business of scheduling end-of-lease vehicle inspections on behalf of automobile dealers across the country and has a policy and practice of recording telephone conversations with the public. (*Id.* ¶ 6.) On August 27, 2013, Plaintiff alleges that he received a phone call on his cellphone from a number associated with SGS. (*Id.* ¶ 9.) Plaintiff discussed the details of a vehicle inspection to take place at the end of his lease and divulged "personal information," including his business address and contact information. (*Id.* ¶¶ 11–12.) After speaking with the caller from SGS for a period of time, Plaintiff inquired about whether the conversation was being recorded. (*Id.* ¶ 14.) He ended the call after being informed that SGS had been recording the entire conversation. (*Id.*)

This Court's subject-matter jurisdiction is based on diversity under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff is a citizen and resident of California and purports to represent a class defined as "[a]ll persons in

California whose inbound and/or outbound cellular telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action." (*Id.* ¶¶ 5, 24.) SGS is a Delaware corporation with its principal place of business in New Jersey. (*Id.* ¶ 3.) The amount in controversy requirement is satisfied because the putative class numbers in the tens of thousands and California Penal Code section 637.2(a) provides for statutory damages of $5,000 per violation. (*Id.* ¶ 25.)

SGS filed the present Motion to Dismiss on June 5, 2014, limiting its arguments to the constitutionality of California Penal Code section 632.7. (ECF No. 8.) Plaintiff timely opposed the Motion. (ECF No. 15.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations,

/ / /

unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

SGS moves to dismiss the Complaint on the grounds that California Penal Code § 632.7 is unconstitutional. SGS contends that section 632.7 violates the First Amendment and is void for vagueness. SGS also argues that section 632.7 unduly burdens interstate commerce, thus invoking the dormant Commerce Clause. Overall, the Court finds that SGS's arguments are largely premature and more appropriately the subject of an affirmative defense. However, the Court addresses each argument in turn below.

### A. First Amendment

SGS argues that section 632.7 violates the First Amendment because it is overbroad, burdening substantially more speech than necessary to serve the state's interests in the statute. (Mot. 4–12.) According to SGS, the act of recording communications constitutes protected speech activity under the First Amendment, and the statute fails to meet the intermediate scrutiny standard for content-neutral speech regulations. (*Id.*)

While the parties do not appear to dispute SGS's contention that the act of recording communications always constitutes speech activity, the Court is not convinced that SGS is actually engaging in speech-related activity by recording customer phone calls. The Court agrees that recording communications constitutes speech-related activity when the purpose is to later disseminate information from the recording or the recording itself. *See Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 595–96 (7th Cir. 2012) ("The act of *making* an audio or audiovisual recording is necessarily included within the First Amendment's guarantee of speech and press rights as a corollary to disseminate the resulting recording."); *cf. Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1061–62 (9th Cir. 2010) (holding that the process of creating expression is not disconnected from the expressive activity itself).

But SGS repeatedly points out in its Motion that the purpose of recording customer phone calls was for "service observing"—essentially monitoring the calls for quality assurance. (*E.g.*, Mot. 9–10.) SGS does not indicate that the recordings are disseminated or used in any form of speech. Thus, the Court questions SGS's standing to challenge section 632.7 on First Amendment grounds since SGS's conduct may not be speech-related. But resolution of this issue goes beyond the allegations in the Complaint and is inappropriate at the motion-to-dismiss stage.[3] *See Lee*, 250 F.3d at 688.

Nevertheless, even assuming that the act of recording always falls within the purview of the First Amendment, the Court finds that section 632.7 does not run afoul of First Amendment protections.[4] There is no dispute that the statute is content neutral because it restricts the recording of all communications involving cellular phones; thus intermediate scrutiny applies. *Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 189 (1997) ("A content-neutral regulation will be sustained . . . if it advances important governmental interests unrelated to the suppression of free speech and does not burden substantially more speech than necessary to further those interests.").

The well-established purpose of section 632.7 is to protect the privacy of cellular phone communications of California residents. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 104 (2006) ("California clearly has an interest in protecting the privacy of telephone conversations of California residents while they are in California sufficient to permit this state, as a constitutional matter, to exercise legislative jurisdiction over such activity."). Moreover, the California Constitution

---

[3] To the extent that SGS also argues in its Motion that a "service-observing exception" exists to bar Plaintiff's section 632.7 claim against SGS, the same reasoning applies. The Complaint contains no allegations of SGS's purpose for recording phone calls with customers, so although the existence of a "service-observing exception" is a matter of law, the Court cannot apply such an exception at this stage of the litigation.

[4] The Court notes that it can consider only a facial challenge to section 632.7 at this stage of the litigation, basing its analysis on the plain language of the statute and the allegations in the Complaint. An as-applied challenge here would require a factual inquiry that cannot be made on a motion to dismiss.

explicitly confers a right of privacy on California citizens, and the Supreme Court has made clear that individuals have a reasonable expectation of privacy in telephone communications. Cal. Const. art. 1, § 1; *Katz v. U.S.*, 389 U.S. 347, 353 (1967). Accordingly, the Court finds that privacy protection of cellular phone communications is unrelated to speech and constitutes an important government interest.

SGS confuses the government-interest inquiry in its Motion by focusing solely on whether Plaintiff's allegations give rise to a privacy interest. (Mot. 9:10–23.) Not only does this argument exceed the bounds of a motion to dismiss by attempting to dispute the factual allegations in the Complaint, but it is the government's interest in passing the statute and not the Plaintiff's interest that is relevant here.

Turning to the burden imposed on speech by section 632.7, the Court considers only the plain language of the statute and finds that the burden is relatively insignificant. The only burden on speech activity imposed by the statute is that parties to a phone call involving a cellphone must be informed that the call is being recorded, after which consent may be given or the phone call ended. The statute is also narrowly tailored, restricting no more speech than necessary to further the government's interest in protecting citizens' privacy in communications involving cellular phones. The statute regulates only cellular phone communications—it does not prohibit recording of all communications.

SGS makes much ado about the distinction between California Penal Code sections 632 and 632.7. Section 632 prohibits nonconsensual recording of all *confidential* communications carried on in-person or via landline phones. Section 632.7 does not include the same confidentiality requirement. But the California Legislature had a reason for this distinction. In enacting section 632.7, "the Legislature found that 'the advent of widespread use of cellular radio telephone technology means that persons will be convening over a network which cannot guarantee privacy in the same way that it is guaranteed over landline systems.'" *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775–76 (2002).

In addition, SGS relies heavily on the Seventh Circuit decision in *American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), where an Illinois eavesdropping statute that required all-party consent to record was held unconstitutional. But *Alvarez*, which involved the recording of police officers in public places performing public duties and speaking at a level audible to bystanders, is clearly distinguishable. 679 F.3d at 604–05. The Illinois statute prohibited all nonconsensual audio recordings made in any forum or capacity relying on a general concern for privacy. *Id.* In contrast, section 632.7 restricts only nonconsensual cellphone recordings, which addresses the California Legislature's specific concerns regarding the privacy of cellphone communications. The prohibition is simply not as broad as the statute at issue in *Alvarez*, thus satisfying the narrow tailoring required under intermediate scrutiny.

For these reasons, the Court **DENIES** SGS's Motion based on the contention that section 632.7 violates the First Amendment.

**B. Vagueness**

SGS next argues that section 632.7 is unconstitutionally vague. SGS contends that the distinction between sections 632 and 632.7 discussed above is arbitrary and leads to absurd results. (Mot. 13:3–14:1.) In addition, SGS argues that callers have no way of knowing whether the person they are calling is answering on a landline or cellphone, and thus do not know which statute they must comply with. (*Id.* at 14:2–8.) But these arguments do not make section 632.7 unconstitutionally vague.

"[A] penal statute must define a criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358, 402–03 (2010) (internal quotations and citations omitted). SGS does not challenge the first prong of the vagueness inquiry—section 632.7 meets the definiteness requirement. It is clear that section 632.7 prohibits nonconsensual recording of communications where at least one party is using a cellphone.

Section 632.7 also does not encourage arbitrary or discriminatory enforcement. As discussed above, the California Legislature had a reason for excluding section 632's confidentiality language from section 632.7; thus the distinction is not arbitrary. *See Flanagan*, 27 Cal. 4th at 775–76. Furthermore, SGS's argument that it has no way of knowing whether it is calling a landline or cellphone once again ventures beyond the scope of a motion to dismiss. Nevertheless, such a fact does not make section 632.7 arbitrary nor does it encourage discriminatory enforcement. Whether SGS knows that it is calling a landline or cellphone is irrelevant because SGS is aware of the requirements for each under sections 632 and 632.7. Nothing in the language of section 632.7 leaves compliance open to interpretation. SGS is on notice that if the recipient of one of its phone calls is on a cellphone, then compliance with section 632.7 is required.

Section 632.7 is not void for vagueness and the Court **DENIES** SGS's Motion on this ground.

**C. Dormant Commerce Clause**

SGS also moves to dismiss on the ground that section 632.7 is unconstitutional because the statute interferes with interstate commerce. The Commerce Clause affirmatively grants power to Congress to regulate interstate and foreign commerce, and "the Clause has long been recognized as a self-executing limitation on the power of States to enact laws imposing substantial burdens on such commerce." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (quoting *South-Central Timber Dev., Inc. v. Wunnicke*, 467 U.S. 82, 87 (1984). This limitation on state power is known as the dormant Commerce Clause. *Id.* "A critical requirement for proving a violation of the dormant Commerce Clause is that there must be a *substantial burden* on *interstate commerce*." *Id.* at 1148. Typically, state regulations run afoul of the dormant Commerce Clause because they discriminate against out-of-state individuals or entities. *Id.* But a small number of courts have also invalidated nondiscriminatory statutes that impose other significant burdens on

interstate commerce. *Id.* In those circumstances, a court must apply a balancing test—weighing the putative local benefits or local government interest against the burden on interstate commerce. *See id.* at 1149; *see also Pike v. Bruce Church, Inc.*, 397 U.S. 137, 149 (1970).

Here, SGS argues that the dormant Commerce Clause is implicated because of the evolving nature of technology and cellphone usage. According to SGS, is has no way of knowing whether a recipient of a phone call is located in California because area codes are no longer an indicator of geographic location. (Mot. 17–21.) For example, a cellphone user with a Denver, Colorado, area code may move to California but keep his or her Denver phone number. SGS argues that this places an undue burden on interstate commerce because it requires SGS to comply with section 632.7 for all phone calls regardless of whether the recipient is actually located in California. (*Id.* at 21:14–23:7.) In addition, according to SGS, section 632.7 has the practical effect of regulating commerce entirely outside of California. *See Healy v. Beer Institute, Inc.*, 491 U.S. 324, 332 (1989) ("[A] state law that has the 'practical effect' of regulating interstate commerce occurring wholly outside that State's borders is invalid under the Commerce Clause.").

SGS raises an interesting argument, but one that cannot be decided on a motion to dismiss. SGS's dormant Commerce Clause argument is premised on an issue of fact not alleged in the Complaint—that SGS cannot ascertain the geographic location of call recipients based on their area codes. Moreover, the Court can hardly balance the alleged undue burden on interstate commerce against the statute's local interests without extrinsic evidence. This is not a motion for summary judgment and the Court is limited to the face of the Complaint. *See Lee*, 250 F.3d at 688. Accordingly, the Court **DENIES** SGS's Motion based on the dormant Commerce Clause.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 8.) SGS shall answer the Complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

July 11, 2014

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**